FILED
2011 May-11 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **THRESA LYNN WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-3559-VEH |
| | ) |
| **UNITED STATES POSTAL SERVICE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   Introduction

On December 22, 2010, Plaintiff Thresa Lynn Williams ("Ms. Williams") filed a General Complaint Form for Pro Se Litigants (Doc. 1) (the "General Complaint Form") against the United States Postal Service ("Postal Service") relating to its operations in Talladega, Alabama. (*See generally* Doc. 1). Ms. Williams amended her complaint on January 5, 2011. (Doc. 4).

On March 25, 2011, the Postal Service filed a Motion to Dismiss (Doc. 17) (the "Motion"), which the court converted to a motion for summary judgment in part on March 30, 2011, due to the attachment of a declaration arising outside of the pleadings. (Doc. 20). The Postal Services' supporting brief was similarly filed on

March 25, 2011. (Doc. 18).

Ms. Williams filed a response (Doc. 21) to the Motion on March 31, 2011, a second response (Doc. 23) on April 6, 2011, and a cross Motion for Summary Judgment (Doc. 24) (the "Cross Motion") on April 8, 2011. The Postal Service followed with its reply (Doc. 25) on May 4, 2011.

Accordingly, the Motion and Cross Motion are now under submission. For the reasons explained below, the Postal Service's Motion is due to be granted, and Ms. Williams's Cross Motion is due to denied.

## II.   Standards

### A.   Motion to Dismiss

#### 1.   Rule 12(b)(1)

As the Eleventh Circuit has explained the evaluation of Rule 12(b)(1) motions to dismiss:

> If the 12(b)(1) motion represents a facial attack on jurisdiction-that is, the facts as stated supposedly do not provide cause for federal jurisdiction-then the facts alleged by the plaintiff are given the same presumption of truthfulness as they would receive under a 12(b)(6) motion. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). If, however, the 12(b)(1) motion raises a factual attack on jurisdiction-the very facts providing cause for jurisdiction are themselves challenged-then no such presumption exists and the district court is allowed to consider the facts as it sees fit. In essence, the district court conducts a bench trial on the facts that give rise to its subject matter jurisdiction. Consequently, "no presumptive truthfulness

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 413 (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

*Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237-38 (11th Cir. 2002).

### 2.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

   **B.   Motion for Summary Judgment**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Although there are cross-motions for summary judgment, each side must still establish the lack of genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Chambers & Co. v. Equitable Life Assur. Soc. of the U.S.*, 224 F.2d 338, 345 (5th Cir. 1955); *Matter of Lanting*, 198 B.R. 817, 820 (Bankr. N.D. Ala. 1996). The court will consider each motion independently, and in accordance with the Rule 56 standard. *See Matsushita Elec. Indus. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). "The fact that both parties simultaneously are arguing that there is no genuine issue of fact, however, does not establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit." *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2720, at 327-28 (3d ed. 1998).

### III. Analysis

In describing her claim against the Postal Service, Ms. Williams complains

about her prior federal court case of *Thresa Lynn Williams v. University of Alabama Hospital at Birmingham*, 1:09-CV-0211-KOB, which was dismissed by Judge Karon O. Bowdre for lack of subject matter jurisdiction on February 26, 2009. (Doc. 4 at 1-2). As it pertains to the actions of the Postal Service, Ms. Williams primarily asserts that she believes that her mail from the court relating to 1:09-CV-0211-KOB was returned "hoping that [she] wouldn't respond timely for an appeal." (Doc. 4 at 3).

      **A.**    **Ms. Williams's Tort-Based Theories Are Barred Because She Never Provided The Requisite Jurisdictional Notice.**

The Postal Service initially premises its Motion upon Ms. Williams's failure to provide notice of her claim as jurisdictionally required under the Federal Tort Claims Act ("FTCA"). (*See, e.g.*, Doc. 18 at 5 ("The Federal Tort Claims Act provides that 'an action shall not be instituted up a claim against the United States for money damages' unless the claimant first exhausts his or her administrative remedies.") (citing 28 U.S.C. § 2675(a))); *see also Barnett*, 283 F.3d at 1237 ("[T]he administrative notice requirement of 28 U.S.C. § 2765 'is jurisdictional and cannot be waived.'") (citations omitted).

As the Eleventh Circuit has explained the FTCA notice prerequisite:

> In order to state a claim under FTCA, a plaintiff must first present notice of the claim to the appropriate federal agency. 28 U.S.C.A. § 2675(a)

6

(West 1994). Section 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
>
> 28 U.S.C.A. § 2675(a). Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim. *Free v. United States*, 885 F.2d 840, 842 (11th Cir.1989).

*Orlando Helicopter Airways v. U.S.*, 75 F.3d 622, 624-25 (11th Cir. 1996). In *Orlando Helicopter*, the Eleventh Circuit agreed with the district court that it lacked subject matter jurisdiction over the FTCA claim because the notice there "fail[ed] to give the government sufficient information to investigate alleged misconduct on the part of government officials." 75 F.3d at 626.

Here, Ms. Williams has made no allegations that she has provided any notice as mandated by the FTCA. Thus, facially, subject matter jurisdiction is lacking.

Additionally, the declaration of William D. Glenn ("Glenn Decl."), a Tort Claims Examiner/Adjudicator for the Postal Service, factually establishes that "the database does not reflect that an administrative tort claim has been received by the

Postal Service on behalf of [Ms. Willliams]." (Doc. 17 at Glenn Decl. ¶ 2). Therefore, based upon binding Eleventh Circuit precedent, Ms. Williams's tort-based causes of action are due to be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### B. Ms. Williams's Tort-Based Claims Are Additionally Barred By Sovereign Immunity.

Additionally, Ms. Williams's tort-based claims against the Postal Service are due to be dismissed on sovereign immunity grounds. Pursuant to the doctrine of sovereign immunity, "the Court has recognized the general principle that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotations and citations omitted).

While the FTCA generally waives sovereign immunity when a government employee acts tortiously in carrying out governmental duties, it also provides for several exceptions to this waiver. More specifically, 28 U.S.C. § 2680(b) is one of those exceptions and provides that the FTCA does not apply to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.*

Therefore, because Ms. Williams's claim centers upon the Postal Service's

mishandling of her mail, it is barred by sovereign immunity and cannot be pursued by her in this court. *See, e.g., Insurance Co. of North America v. U.S. Postal Service*, 675 F.2d 756, 759 (5th Cir. 1982) ("As stated before, § 2680(b) retains sovereign immunity with respect to claims of negligent handling of the mails. Hence plaintiff's suit must fail.") (citation omitted); *Djordjevic v. U.S. Postal Service*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995) ("Therefore, to the extent that Plaintiff's claim sounds in tort, this Court finds that it is barred by the doctrine of sovereign immunity as brought against the United States."). Accordingly, Ms. Williams's tort-based claims are due to be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) for this further reason.

### C. Ms. Williams's Other Purported Claims Are Inadequately Pled.

To the extent that Ms. Williams seeks to pursue a claim against the Postal Service premised upon a theory other than one grounded in tort, the court cannot determine what any of those claims would be and dismisses them pursuant to Rule 12(b)(6) on the basis of Ms. Williams's failure to satisfy the pleading requirements of Rule 8. More specifically, the court is unable to envision any alternative claim that Ms. Williams has asserted or attempted to assert against the Postal Service, which crosses beyond the line of mere conclusory allegations into the realm of a plausibly

actionable dispute. Therefore, any remaining claims of Ms. Williams are due to be dismissed without prejudice under Rule 12(b)(6).

### D. Ms. Williams's Cross Motion And Other Papers Do Not Alter The Court's Analysis.

Nothing included in Ms. Williams's Cross Motion or her other papers negates the court's rulings made above. In particular, the court expressly finds that the Postal Services' filings all have been timely made and, therefore, concludes that entering a default against the Postal Service would be entirely inappropriate in the context of this record. Accordingly, Ms. Williams's Cross Motion is due to be denied.

## IV. Conclusion

The Postal Services' Motion is due to be granted for the jurisdictional and failure to state a claim reasons explained above,[1] and Ms. Williams's Cross Motion is due to be denied. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 11th day of May, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1] The court does not reach the Postal Service's alternative issue of whether Ms. Williams has sued the proper Governmental entity under the FTCA.